UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kristina Wenzel § | |
| Individually, and as next friend of § | |
| J.W., a minor child, § | |
| Plaintiffs § | |
| § | |
| § | |
| V. § | Civil Action 4:20-cv-1637 |
| § | |
| § | |
| Extraordinary Education Family, § | |
| Learning Center, § | |
| Defendant § | *Jury Trial Requested* |

## ORIGINAL COMPLAINT

**1.**     This action for Employment Discrimination arises under Title 42 of the United States Code, section 1981. Jurisdiction is conferred by Title 28 U.S.C. Section 1331.

**2.**     This Texas state action for Breach of Contract arises under the Texas Common Law. Supplemental Jurisdiction is conferred by 28 U.S.C. Section 1367.

**3.**     This Texas state action for Tortious Interference with a Contract arises under the Texas Common Law. Supplemental Jurisdiction is conferred by 28 U.S.C. Section 1367.

**4.**     Venue is proper in this district under 28 section 1391 because a substantial part of the events or omissions giving rise to all claims occurred in this district.

### Parties

**4.**     The plaintiffs are Kristina Wenzel and J.W., a minor child, who are residents of Magnolia County.

**5.**     The defendant, Extraordinary Education Family Learning Center, a domestic corporation organized and existing under the laws of the State of Texas, whose principal office is located at 9522 Carraway Lane, Magnolia, Texas 77354-3739, Montgomery County.

**6.**     The defendant may be served with process by serving its registered agent for service of process, Elise W. Eaton, at 5401 Rush Haven Drive, The Woodlands, TX 77381.

## Facts

**9.**     Kristina Wenzel was under contract for educational services for, J.W. This contract was disrupted and/or terminated in the summer months of 2016. Extraordinary Education Family Learning Center, the defendant, was providing education to J.W.

**10.**     In June of 2016, Kristina Wenzel was unable to register her son for classes. At that time, she realized that the defendant refused to honor its contract with her and terminated it. J.W. was no longer allowed to attend the Extraordinary Education Family Learning Center.

**11.**     Kristina Wenzel accepted the defendant's offer to provide educational services, even if the contract had to be renewed. This acceptance was manifested through her engagement with the defendant's disciplinary plan for J.W. going forward with J.W.'s future attendance at the Extraordinary Education Family Learning Center.

**12.**     In a series of events that happened throughout J.W.'s attendance at the school of Defendant, numerous acts of racial prejudice were inflicted upon J.W., and by extension, his mother Kristina Wenzel.

**13.**     J.W. is an African American boy. He was one of the few, if only African American boy at the school. J.W. was punished and singled out for carrying a knife to school in October of 2015, which is against school policy. However, another Caucasian boy had been carrying a knife to school and was not punished under the school's policy for that incident.

**14.**     In January or February of 2016, J.W. was assaulted by one of his teachers. This teacher offensively "yanked" off his hat. Moments later when J.W. attempted to leave the room, the teacher grabbed his arm and forcefully jerked him back to his seat.

**15.** Elise Eaton, an administrator at the school, perpetually harassed J.W., seeking to punish and admonish him for actions as if they were school violations. Yet these actions, like wearing headphones, were not school violations. However, Kristina Wenzel witnessed Elise Eaton's son wearing substantially similar headphones while at the school. And yet, he was not punished or admonished. Instead, he was allowed to continue wearing the headphones without incident.

**16.** In April of 2016, Kristina Wenzel arrange to have J.W. receive tutoring for math in the summer of 2016. She arranged this with J.W.'s math teacher, Mr. Hall. These tutoring sessions were to be done privately, as Mr. Hall offered private tutoring lessons separate from the school.

**17.** On May, 10, 2016, Jude was accused of assaulting another Caucasian student. The Defendant's account of the story differed from J.W.'s account. According to J.W.'s account, an assault never took place. The paramount issue is that the Defendant never took gave any weight to J.W.'s account. His account was never considered. The school arbitrarily accepted the Caucasian student's account over J.W.'s account, even though there were other children who were witnesses to the entire event.

**18.** On May 12, Kristina Wenzel met with school administrator, Elise Eaton to discuss the disciplinary measures taken, or in the process of being taken against J.W. These measures involved inequitable and unwarranted obligations that would entail a strict set of consequences, humiliating him, restricting his time and movements on campus, restricting Kristina Wenzel's time on campus as a teacher and volunteer and her daughter's time on campus as a student.

**19.** Defendant required that Plaintiffs agree to these oppressive and discriminatory terms in order to secure J.W.'s continued attendance at the school.

**20.** Plaintiffs had no choice but to decline to engage in that act of racial discrimination. No Caucasian student was ever required to satisfy those oppressive obligations. These terms were

fashioned in order to remove J.W. from the school due to his race. The oppressive obligations were fashioned to punish J.W because of his race, if he were to continue his attendance at the school.

## Count I. - § 1981 Violation

21. Title 42 Section 1981 confers the same right on all American citizens to make and enforce contracts as is enjoyed by white citizens.

22. Plaintiff, J.W. is not a white citizen, but a black one. His adoptive mother is white. J.W. is the beneficiary of the contract.

23. Plaintiff Kristina Wenzel had an existing contract with Defendant that was terminated due to her son's race.

24. Plaintiff was not allowed to continue her contractual obligation or enforce her contractual rights in the same manner other Caucasian parents of Caucasian students were allowed to continue their contract and enforce their contractual rights with Defendant.

25. As a result of Defendant's violation, Plaintiffs have suffered the following injuries:

    a. mental anguish past and future

    b. humiliation past and future

    c. lost wages past and future

    d. inconvenience past and future

    e. lost opportunity past and future

    f. lost benefit of the contractual bargain

26. Plaintiff seeks punitive damages in an amount to properly penalize Defendant for its misconduct and to deter such wrong doing in the future. Defendant impeded Plaintiff's ability to make or enforce contracts with malice or reckless indifference.

### VI. Count 2 – Breach of Contract

**27.** There was a valid, enforceable contract between Defendant and Plaintiff.

**28.** Plaintiff, Kristina Wenzel, is a proper party to sue for breach of the contract.

**29.** Plaintiff performed, tendered performance of, or was excused from performance of its contractual obligations. Kristina Wenzel paid her monies that were due under the contract, allowing her son to continue attendance at the school.

**30.** Defendant breached the contract by not fulfilling all of its material obligations under the contract. Defendant did not perform its obligation under the contract since it terminated the contract and/or forbade J.W. from attending the school in the summer of 2016. In the alternative or in addition, it gave J.W. the option to continue his attendance, but Defendant breached the contract by imposing harsh, oppressive, discriminatory terms as a condition of continuing the contract with Defendant.

**31.** Defendants breach caused the following injuries to Plaintiff:

   a. expenses paid by Plaintiff to help mitigate damage past and future

   b. expenses and value paid as Plaintiff's performance under the contract

   c. loss opportunity and disruption of educational benefit and continuity.

   d. or in the alternative to a- b, the benefit of the bargain

**32.** All conditions precedent have been met.

### Jury Demand

**33.** Plaintiffs demand a trial by jury on all issues triable as of right by a jury.

**PRAYER**

**34.**     Plaintiff respectfully prays that the Court award judgment in favor of Plaintiffs for violation of Plaintiffs' rights under Title 42 § 1981, Title VII of the Civil Rights Act of 1964, and the Texas Common Law of Breach of Contract and the associated attorney's fees under the Texas Civil Practice and Remedies Code and that the Court award the following:

    a. actual and consequential damages, plus interest

    b. punitive/exemplary damages

    c. attorney's fees and costs of court

    d. all other relief that justice may require

Respectfully submitted,

The Bozeman Law Firm

/s/ Marc Anson Bozeman
Attorney-In-Charge
Texas State Bar No. 24057044
Federal Bar No. 1533462
9950 Westpark Drive, Suite 320
Houston, Texas 77063
Telephone: (832) 741-7950
mb@bozemanlitigation.com

ATTORNEY FOR PLAINTIFFS